UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MICHELLE L. VEASEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-04143-SLD-JEH |
| MIKE THOMS, DAVID G. MORRISON, HECTOR LAREAU, and RICHARD T. LANDI, | ) ) ) ) |
| Defendants. | ) ) |

MERIT REVIEW ORDER

Plaintiff Michelle L. Veasey sues Defendants Mayor of the City of Rock Island Mike Thoms, City Attorney David G. Morrison, City Attorney Hector Lareau, and Chief of Police Richard T. Landi for civil rights violations arising out of revocation of her liquor license, which resulted in closure of her business. *See* Am. Compl. 5–11, ECF No. 6.[1]  Veasey was granted leave to proceed *in forma pauperis* on October 24, 2023.  Order 1–2, ECF No. 5.

The court must dismiss a complaint brought by an individual proceeding *in forma pauperis* if it determines the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Tate v. SCR Med. Transp.*, 809 F.3d 343, 345 (7th Cir. 2015) (noting that the Seventh Circuit has "read 'case' in section 1915(e)(2)(B)(ii) to mean 'complaint'").  Some of Veasey's claims are clearly unmeritorious and must be dismissed.

First, she asserts that she was denied information in violation of the Freedom of Information Act from Thoms and the Rock Island Police Department.  Am. Compl. 5, 9–10.  The federal Freedom of Information Act, 5. U.S.C. § 552, does not apply to state or local government

---

[1] The Court uses the page numbers generated by CM/ECF because the amended complaint is not paginated.

1

agencies, *id.* § 551(1); *Mabie v. U.S. Marshal's Serv.*, No. 18-cv-1276-JPG-SCW, 2018 WL 4401752, at *1 (S.D. Ill. Sept. 14, 2018) ("Entities like state or local governments . . . are not 'agencies' subject to the [federal Freedom of Information Act]." (citing cases)). Thus, Veasey must be asserting that Thoms and the Rock Island Police Department violated the Illinois Freedom of Information Act, 5 ILCS 140/1–11.6. But Illinois Freedom of Information Act claims must be brought in state court. *See id.* 140/11(b) (providing that suits based on denial of "access to inspect or copy" public records from a "public body of the State" can be filed in either "the circuit court for the county where the public body has its principal office or where the person denied access resides"); *id.* 140/11(c) (providing that suits based on denial of "access to inspect or copy" public records from "a municipality or other public body . . . may be filed in the circuit court for the county where the public body is located"); *see Plummer v. Godinez*, No. 13 C 8253, 2015 WL 4910562, at *3 (N.D. Ill. Aug. 17, 2015) ("Courts within this District have read [the Illinois Freedom of Information Act] as requiring claims to be heard in state court."). Only the appropriate circuit court has jurisdiction to grant relief for violation of the Illinois Freedom of Information Act. *See* 5 ILCS 140/11(d) ("The circuit court shall have the jurisdiction to enjoin the public body from withholding public records and to order the production of any public records improperly withheld from the person seeking access."). Accordingly, the Court must dismiss Veasey's Freedom of Information Act claims.

Second, Veasey asserts that Landi committed perjury while under oath. Am. Compl. 10. But "there is no civil action to recover damages caused by perjury or subornation of perjury." *See Stoller v. Costco Wholesale Corp.*, No. 19-cv-140, 2020 WL 247459, at *4 n.3 (N.D. Ill. Jan. 16, 2020) (citing *Liddell v. Smith*, 345 F.2d 491, 494 (7th Cir. 1965) and *Parks v. Neuf*, 578 N.E.2d 282, 284 (Ill. App. Ct. 1991)). Thus, the Court must dismiss Veasey's perjury claim too.

Accordingly, Plaintiff Michelle L. Veasey's amended complaint, ECF No. 6, is DISMISSED IN PART.  Her perjury and Freedom of Information Act claims are DISMISSED.  None of Veasey's other claims are so clearly deficient as to warrant dismissal prior to service.  IT IS FURTHER ORDERED that:

1) This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions so that Defendants have notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel have filed appearances will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time unless otherwise directed.

2) The Court will attempt service on Defendants by mailing requests to waive service.  If Defendants agree to waive service, they will have sixty days from the date the request was sent to file answers.  If Defendants have not filed answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service.

3) Once counsel have appeared for Defendants, Plaintiff need not send copies of her filings to Defendants or to Defendants' counsel.  Instead, the Clerk will file Plaintiff's filings electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

4) Plaintiff shall immediately notify the Court, in writing, of any change in her mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in

mailing address or phone number will result in dismissal of this lawsuit with prejudice.

5) The Clerk is directed to prepare for each Defendant: (1) a notice of lawsuit and request to waive service of summons form; (2) two copies of the waiver of service of summons, one of which is to be signed by Defendant or his counsel and returned to the Court within sixty days; and (3) a copy of the amended complaint and this order. These items shall be mailed to each Defendant at the address shown on the amended complaint.

Entered this 23rd day of January, 2024.

                                              s/ Sara Darrow
                                              SARA DARROW
                              CHIEF UNITED STATES DISTRICT JUDGE