UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MICHELLE L. VEASEY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Case No. 4:23-cv-04143-SLD |
| CITY OF ROCK ISLAND MAYOR / LOCAL LIQUOR COMMISSIONER MIKE THOMS, CITY ATTORNEY DAVID MORRISON, CITY ATTORNEY HECTOR LAREAU, and CITY OF ROCK ISLAND CHIEF OF POLICE RICHARD T. LANDI, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendants David Morrison and Hector Lareau's Motion for Summary Judgment, ECF No. 17; Supplement to Morrison and Lareau's Motion for Summary Judgment, ECF No. 21, construed as a motion to amend their Motion for Summary Judgment; Supplemental Affidavit of Morrison, ECF No. 22, construed as a motion to amend Morrison's Affidavit, ECF No. 19; Supplemental Affidavit of Lareau, ECF No. 23, construed as a motion to amend Lareau's Affidavit, ECF No. 18; Defendants Mike Thoms and Richard Landi's Motion for Summary Judgment, ECF No. 24; and Plaintiff Michelle L. Veasey's Motion to Request for Leave of Court for Sur-Reply, ECF No. 31.  For the reasons set forth below, the motions for summary judgment and motions to amend are GRANTED, and the motion for leave to file a sur-reply is DENIED.

## BACKGROUND[1]

Plaintiff was the owner of the now-closed Playmakers Sports Bar and Grill LLC ("Playmakers"), a bar in downtown Rock Island, Illinois ("the City" or "Rock Island"). Playmakers opened on September 25, 2021, and closed sometime after its liquor license was revoked on July 10, 2023. Over the years, Playmakers committed several violations of municipal ordinances, but it had only received formal warnings until April 2023. For example, on December 5, 2021, Playmakers received a warning letter for failing to report a fight that occurred on the premises. On April 14, 2022, Playmakers received a warning for delinquent food and beverage taxes. On May 15, 2022, police officers responded to a noise complaint at Playmakers and found patrons loitering and consuming alcohol in the parking lot and several cars blocking the parking lot. On May 29, 2022, police officers responded to a call reporting a man with a gun who was arrested but later released after Plaintiff declined to press charges. Both of the May 2022 events resulted in Playmakers receiving a warning.

On April 12, 2023, Defendant Mike Thoms, in his role as Rock Island Local Liquor Control Commissioner, issued a Combined Motion for Immediate Closure, Complaint for Revocation, and Notice of Hearing ("Notice of Hearing") which alleged that Playmakers had

---

[1] At summary judgment, a court must "view the evidence in the light most favorable to the non-moving party." *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). Unless otherwise noted, the factual background of this case is drawn from Morrison and Lareau's statement of uncontested material facts, Morrison & Lareau Mot. Summ. J. ¶¶ 4–18; Thoms's statement of uncontested material facts, Thoms & Landi Mot. Summ. J. ¶¶ 1–19; Landi's statement of uncontested material facts, Thoms & Landi Mot. Summ. J. ¶¶ 20–39; exhibits to the filings; as well as facts contained in the Amended Complaint, ECF No. 6, and Plaintiff's responses to Defendants' summary judgment motions, to the extent they are supported by citations to the record or have the legal effect of an affidavit, *see generally* Resp. [Morrison & Lareau] Mot. Summ. J., ECF No. 26; Resp. [Thoms & Landi] Mot. Summ. J., ECF No. 27. It is well-established that "a plaintiff may not, in defending against a motion for summary judgment, rest on mere allegations or denials of his pleadings," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 259 (1986) (Brennan, J., dissenting), but where pleadings are signed under penalty of perjury, "those documents ha[ve] the legal effect of affidavits," *McDaniel v. Syed*, 115 F.4th 805, 813–14 (7th Cir. 2024). Factual assertions in a document that complies with the requirements of Rule 56(c)(4)—meaning that they are "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated"—can be relied upon to oppose summary judgment. *Ford v. Wilson*, 90 F.3d 245, 247 (7th Cir. 1996).

committed a two-count violation of municipal ordinances. The Notice of Hearing was signed by Defendants Morrison and Lareau in their roles as City Attorneys. The Notice laid out Playmakers's previous violations and asserted that police had responded to thirty calls since September 2022 "involving complaints of loud music, illegal parking, and disturbances on Playmaker's [sic] property or caused by its patrons adjacent to the property." Not. Hr'g ¶ 4, Resp. [Morrison & Lareau] Mot. Summ. J. Ex. D, ECF No. 26-4. It also indicated that "numerous parking and loud noise complaints [had been] sent in to the police department's email address." *Id.*

The Notice of Hearing, which immediately suspended Playmakers's liquor license for seven days from April 12–18, 2023, was precipitated by two separate incidents, one on April 8, 2023, and one on April 10, 2023. As alleged in the Notice, on April 8, 2023, police officers responded to a call about a shooting at Playmakers. Witnesses reported seeing the shooter exit Playmakers and start shooting in an adjacent parking lot. Police officers recovered shell casings in that adjacent lot. "Playmaker's [sic] staff heard the shots but did not call to report the event." *Id.* ¶ 5.

On April 10, 2023, police officers responded to a fight that had broken out inside Playmakers and continued out in the parking lot. The fight resulted in two people suffering knife wounds—one was slashed in the temple with what was likely a broken bottle, and the other was stabbed and had to be taken to Iowa City for surgery. The Notice alleged that Playmakers "did not control the large and unruly crowd in the parking lot and adjacent to the premises" and "did not report the incident to police." *Id.* ¶ 6.

On April 17, 2023, Thoms and the Rock Island Liquor Commission held an evidentiary hearing to consider the ordinance violation charges against Playmakers. At the hearing,

Playmakers was not represented by counsel, although the Notice of Hearing had advised that "[i]f the Licensee [*i.e.*, Playmakers] is a corporation, it must seek and obtain legal representation" and provided that Playmakers "may produce witnesses and introduce evidence" to defend against the charges. *Id.* at 4. Morrison appeared on behalf of the City, and Plaintiff appeared on behalf of Playmakers. They each had the opportunity to present and question witnesses, and Plaintiff gave a closing statement, in which she urged Thoms to consider the fact that "[t]here is [sic] only two black bars left in the Quad Cities," Apr. 17, 2023 Hr'g Tr. 202:23, Resp. [Morrison & Lareau] Mot. Summ. J. Ex. E, ECF No. 26-5, and that she is "trying to cooperate as best [she] can," *id.* at 203:25–204:1. As a result of the hearing, Thoms issued an order on April 18, 2023, revoking Playmakers's liquor license after determining that Playmakers had committed the violations alleged in the Notice of Hearing and thereby violated Section 3-11(p) of the Rock Island Code of Ordinances.

      Plaintiff appealed the April 18, 2023 revocation order to the Illinois Liquor Control Commission ("ILCC") which issued a stay allowing Playmakers to reopen on April 20, 2023, pending decision on the appeal. The ILCC reviewed the evidentiary record and modified Thoms's order revoking Playmakers's liquor license "to a 30-day license suspension minus seven (7) days for time already served during the summary suspension from April 12, 2023, to April 18, 2023." ILCC July 19, 2023 Final Order 2, Thoms & Landi Mot. Summ. J. Ex. B, ECF No. 24-2. The ILCC determined that the facts in the record did not support the finding that an ordinance violation occurred during the April 8, 2023 incident, but agreed that there were sufficient facts to support a finding that a violation occurred during the April 10, 2023 incident. In deciding to modify Thoms's revocation order, the ILCC noted that evidence of various prior incidents at Playmakers and the thirty police calls was not admitted into the record and therefore

should not have been considered by Thoms. *Id.* at 12 ("[W]ithout a history of prior security violations in the record, and only one of the two charges in this matter having been proven, the immediate penalty of revoking Playmakers'[s] license when its security attempted, but failed, to satisfy the conditions of the Section 3-11(p) is an unreasonable and arbitrary penalty.").

While the earlier appeal was pending, a second notice of hearing was issued to Playmakers pertaining to an incident that occurred on May 22, 2023. The notice alleged a two-count violation of municipal ordinances: Count 1 alleged Loitering/Disorderly Conduct and Count 2 alleged a Minor on Premises. Hearings were held by the Rock Island Liquor Commission on June 8, 2023 and July 6, 2023.[2] Playmakers was represented by Attorney Herbert Schultz, and the City was represented by Morrison and Lareau.

The evidence presented showed that on May 22, 2023, police responded to a complaint of a disturbance at Playmakers and found "a large crowd engaged in a melee at closing time." *See* July 10, 2023 Order of Revocation, Resp. [Thoms & Landi] Mot. Summ. J. Ex. C, ECF No. 27-3 at 1–3. Police sprayed mace into the crowd to stop the fight. One of the combatants was a minor, aged 18, who admitted to being inside Playmakers and stated that she "just walked in." ILCC Sept. 20, 2023 Final Order 10, Thoms & Landi Mot. Summ. J. Ex. D, ECF No. 24-4. Thoms issued an Order of Revocation on July 10, 2023, after determining that both alleged violations were supported by the evidence presented at the hearings.

---

[2] Plaintiff alleges that the paperwork notifying her of the hearing regarding the May 22, 2023 incident "was served on Wednesday June 21 at 3pm and the hearing was set for that Friday at 1pm on June 23, 2023 in which was **only two days** as a disregard to the 3 day notice" required by city ordinance. Am. Compl. 8–9. But she provides no evidence, and the Court finds none in the briefing, that supports these assertions. Accordingly, Plaintiff has not established a genuine issue of material fact as to this issue. *See Sanders v. Univ. of Notre Dame*, No. 3:21-cv-404-RLM-JEM, 2023 WL 2116692, at *1 (N.D. Ind. Feb. 2, 2023) ("In the context of summary judgment, a district court need not, even for pro se plaintiffs, scour the record looking for factual disputes." (alterations and quotation marks omitted)).

Plaintiff again appealed to the ILCC which, on September 20, 2023, affirmed Thoms's penalty of revocation of Playmakers's liquor license. The ILCC determined that Playmakers had not violated the ordinance prohibiting Loitering/Disorderly Conduct on May 22, 2023, because it had "take[n] reasonable measures to both deter and to break-up the fight at closing." ILCC Sept. 20, 2023 Final Order 6–8. But the ILCC agreed with Thoms that Playmakers had violated the ordinance prohibiting a Minor on Premises, finding it significant that "[the minor] herself stated on video that she was inside Playmakers" and "because [she] was underage, her statement that she was inside Playmakers is a statement made against her own interest and therefore considered more credible than a statement in favor of her interests." *Id.* at 10–12.

Though the ILCC found sufficient evidence to support only one of the two charges against Playmakers, it determined that the penalty of revocation was not unreasonable in light of other aggravating factors:

> Committing a license violation by allowing an 18-year-old person to be inside a nightclub after 1:00 a.m. and likely consuming alcoholic liquor is a serious offense by itself. Such a violation, however, occurred on top of other prior violations and incidents which placed Playmakers on notice that any further violations against the business could result in license revocation. In December of 2021, the Rock Island Commission gave Playmakers an official warning for failing to call the police to report a fight inside of Playmakers and that further failures to call the police could result in penalties including revocation of the liquor license. On April 14, 2022, the Rock Island Commission issued Playmakers a warning for untimely payment of food and drink taxes. On May 15, 2022, Rock Island police responded to a noise complaint at Playmakers and found patrons loitering and consuming alcohol in the parking lot. On May 29, 2022, Rock Island police responded to a call that a man at Playmakers had a gun, but that Playmakers refused to press charges and the person was released from custody. In April 2023, there was a fight inside Playmakers which concluded with a stabbing in the Playmakers parking lot resulting in the Rock Island Commission revoking the liquor license [which was later modified by the ILCC to a 30-day suspension].

*Id.* at 12–13 (citations omitted). The ILCC affirmed the Order of Revocation and found that Thoms "did not arbitrarily revoke Playmakers'[s] liquor license based on finding of a serious violation of allowing a minor on premises in conjunction with the significant prior license

6

violations." *Id.* at 13–14. On October 27, 2023, Plaintiff filed an Application for Rehearing with the ILCC which was denied on November 15, 2023.

On August 31, 2023, Plaintiff filed this suit on behalf of herself and Playmakers. *See generally* Compl., ECF No. 1. Upon screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court dismissed the Complaint with leave to amend. *See generally* Oct. 24, 2023 Order, ECF No. 5. The Court also dismissed Playmakers as a Plaintiff because "a limited liability company . . . cannot litigate in a federal court unless it is represented by a lawyer," *United States v. Hagerman*, 549 F.3d 536, 537 (7th Cir. 2008), meaning that Plaintiff cannot represent Playmakers herself. Oct. 24, 2023 Order 2. Plaintiff filed her Amended Complaint on October 31, 2023, asserting claims only on her own behalf. *See generally* Am. Compl., ECF No. 6.[3] The Court screened the Amended Complaint and dismissed several claims as facially unmeritorious. *See generally* Jan. 23, 2024 Merit Review Order, ECF No. 7. Defendants now move for summary judgment on all remaining claims.[4]

## DISCUSSION

### I.     Plaintiff's Motion for Leave to File a Sur-Reply

The Local Rules do not expressly provide for sur-replies, but the Court has discretion to grant a litigant leave to submit additional filings, including sur-replies. *Duerr v. Bradley Univ.*, 590 F. Supp. 3d 1160, 1165 (C.D. Ill. 2022). "The decision to permit the filing of a sur[-]reply is

---

[3] The Court uses the page numbers generated by CM/ECF because the Amended Complaint is not consistently paginated.
[4] Defendants argue that Plaintiff's responses to their motions for summary judgment should be stricken or disregarded for failure to comply with the Local Rules. Morrison & Lareau Reply 1–5, 8, ECF No. 28; Thoms & Landi Reply 2–4, ECF No. 29; *see generally* Resp. [Morrison & Lareau] Mot. Summ. J.; Resp. [Thoms & Landi] Mot. Summ. J. "How strictly to apply a local rule . . . is left to the district court's sound discretion." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1017 (7th Cir. 2016). Moreover, as a *pro se* litigant, Plaintiff's filings "are held to less exacting standards than those prepared by counsel and are to be liberally construed." *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). Drawing on these legal principles, the Court declines to strike Plaintiff's responses to the motions for summary judgment. *See Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011) (holding that the district court did not abuse its discretion by overlooking technical failures to comply with local rule on summary judgment materials).

purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief." *Meraz-Camacho v. United States*, 417 F. App'x 558, 559 (7th Cir. 2011).

Plaintiff requests leave to file a sur-reply to Thoms and Landi's summary judgment motion, asserting that she wants to address the fact that "[D]efendants repeatedly made discussions in regards to [P]laintiff[']s former business," but "she is filing suit on her own behalf and not on behalf of her business." Pl.'s Mot. Sur-Reply 1. After review of Plaintiff's proposed sur-reply, the Court finds that Plaintiff's arguments are largely repetitive and would not be helpful to the Court's disposition of Defendants' motions for summary judgment. *See Shefts v. Petrakis*, No. 10-cv-1104, 2011 WL 5930469, at *8 (C.D. Ill. Nov. 29, 2011); *cf.* Civil LR 7.1(D)(3)(b) ("The reply will be limited to new matters raised in the response and must not restate arguments already raised in the motion." (capitalization altered)). The Court therefore DENIES Plaintiff's Motion to Request for Leave of Court for Sur-Reply.

## II. Morrison and Lareau's Motions to Supplement Their Motion for Summary Judgment

Morrison and Lareau move to supplement their Motion for Summary Judgment to correct a factual statement based on new evidence that they discovered after their motion was filed. *See generally* Suppl. Morrison & Lareau Mot. Summ. J. They indicate that they "were previously unaware that [P]laintiff had filed a Petition for Rehearing [after the ILCC issued its September 20, 2023 Order] as they had both ended their positions as City Attorneys prior to the Petition for Rehearing being filed." *Id.* ¶¶ 3–4. Plaintiff attached the relevant Application for Rehearing as an exhibit to her response. *See generally* Playmakers Appl. Rehearing, Resp. [Morrison & Lareau] Mot. Summ. J. Ex. M, ECF No. 26-12. In the interest of correcting this minor inaccuracy in the record, the Court GRANTS Morrison and Lareau's motions to supplement. *Cf.*

*James v. Hale*, 959 F.3d 307, 317 (7th Cir. 2020) ("An affidavit that contradicts prior testimony but contains newly discovered evidence is allowed.").

### III.  Motions for Summary Judgment

#### a.  Legal Standard

"The court shall grant summary judgment if the mov[ing party] shows that there is no genuine dispute as to any material fact and the mov[ing party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of triable fact exists only if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Pugh v. City of Attica*, 259 F.3d 619, 625 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp.*, 565 F.3d 365, 368 (7th Cir. 2009). The court construes all facts and draws all reasonable inferences in favor of the nonmoving party. *Moore v. Vital Prods., Inc.*, 641 F.3d 253, 256 (7th Cir. 2011).

Once the moving party has set forth the basis for summary judgment, the burden shifts to the nonmoving party who must go beyond mere allegations and offer specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of her case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322–23. The nonmoving party must offer more than "[c]onclusory allegations, unsupported by specific facts" to establish a genuine issue of material fact. *Payne v. Pauley,* 337 F.3d 767, 773 (7th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). A party will be successful in opposing

9

summary judgment only if it presents "definite, competent evidence to rebut the motion." *EEOC v. Sears, Roebuck & Co.*, 233 F.3d 432, 437 (7th Cir. 2000) (quotation marks omitted).

Documents submitted by *pro se* litigants must "be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks omitted); *see also Nichols v. Mich. City Plant Plan. Dep't*, 755 F.3d 594, 600 (7th Cir. 2014) ("[A] trial court is obligated to give a liberal construction to a pro se plaintiff's filings."). The purpose of this rule is "to forgive the kinds of technical pleading errors non-lawyers might make." *Booker v. Johnsonville Sausage LLC*, No. 16-CV-1047-JPS, 2017 WL 2773670, at *2 (E.D. Wis. June 26, 2017); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

### b. Analysis

#### 1. Mike Thoms, Mayor / Local Liquor Control Commissioner

Plaintiff accuses Thoms of bias and discrimination, alleging that she was given "more harsh penalties when other businesses were given only a slap on the wrist in regards to the ordinance violations and applying linear punishments for decisions that mayor Mike Thoms made in rulings in the past to similar business as the Plaintiff[']s." Am. Compl. 5. She further alleges that she was "the only black female bar business owner" in downtown Rock Island, she was the only business owner to receive two liquor license revocations in one year, and that Playmakers was "the only business that ha[d] been given the harshest penalty in the City." *Id.* at 6. The Court construes the Amended Complaint as asserting two claims against Thoms centering on his decision to revoke Playmakers's liquor license: (1) a class-of-one equal protection claim, and (2) a race discrimination claim.

The Equal Protection Clause protects against government discrimination based on race, sex, and other immutable characteristics, as well as "so-called 'class-of-one' discrimination in

10

which a government arbitrarily and irrationally singles out one person for poor treatment." *Brunson v. Murray*, 843 F.3d 698, 705 (7th Cir. 2016).

A race-based discrimination claim requires a plaintiff to "identify evidence that shows the defendants singled them out for unequal treatment based on their race or enforced a law or policy that makes irrational distinctions between groups of people." *Nance v. City of Elgin*, No. 06 CV 6608, 2009 WL 3677819, at *3 (N.D. Ill. Nov. 2, 2009).

"[A] class-of-one equal protection challenge asserts that an individual has been 'irrationally singled out,'" *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)), and requires a plaintiff to show that "she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see also Swanson v. City of Chetek*, 719 F.3d 780, 784 (7th Cir. 2013) ("The classic class-of-one claim is illustrated when a public official, with no conceivable basis for his action other than spite or some other improper motive comes down hard on a hapless private citizen." (alterations and quotation marks omitted)).

Thoms moves for summary judgment on the bases of issue preclusion, waiver, absolute judicial immunity, and statute of limitations. Thoms & Landi Mot. Summ. J. ¶¶ 42–79. Here, the Court finds that absolute immunity is dispositive.

"Absolute immunity flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official." *Cleavinger v. Saxner*, 474 U.S. 193, 201 (1985) (quotation marks omitted). Courts must conduct a "functional analysis of the responsibilities at issue" to determine whether the acts are judicial in nature; if they are, "the

11

actor is entitled to absolute immunity from damages no matter how erroneous the act or injurious the consequences." *Brunson*, 843 F.3d at 710.

Thoms argues he is entitled to absolute immunity because Plaintiff's allegations center on his actions as Local Liquor Control Commissioner which is a judicial role as it pertains to the revocation and suspension of liquor licenses. Thoms & Landi Mot. Summ. J. ¶¶ 65–73. The Court agrees.

A functional analysis of the responsibilities of a local liquor control commissioner and a review of the procedural safeguards inherent in suspending or revoking a liquor license support absolute immunity for Thoms. *Cf. Brunson*, 843 F.3d at 713–14 (finding that absolute immunity did not apply to "non-renewal decisions" because those decisions lacked both "the procedures critical to absolute immunity" and "the hallmarks of a judicial act"). "[A]n Illinois local liquor control commissioner enjoys absolute immunity when deciding whether to . . . revoke a liquor license." *Killinger v. Johnson*, 389 F.3d 765, 770 (7th Cir. 2004). By statute, a local liquor control commissioner "may not revoke without finding that the licensee has violated the law; he may make that finding only after notice and hearing; and he 'shall reduce all evidence to writing and shall maintain an official record of the proceedings.'" *Reed v. Village of Shorewood*, 704 F.2d 943, 951 (7th Cir. 1983) (quoting 235 ILCS 5/7-5), *overruled on other grounds by Brunson v. Murray*, 843 F.3d 698 (7th Cir. 2016). Additionally, the procedural safeguard of appellate review is available because the penalties of revocation and suspension are appealable to the ILCC. *Id.*; 235 ILCS 5/7-9.

Plaintiff argues that she was treated unfairly by Thoms because Playmakers's liquor license was revoked for her very first charge of "Minor on Premises" when she could have received a lesser penalty, for example, a fine. *See, e.g.*, Resp. [Thoms & Landi] Mot. Summ. J.

12

¶ 14.  This argument is unavailing for two reasons.  First, Plaintiff presented a similar argument before the ILCC, although she was not able to present supporting evidence for that claim.  *See* ILCC Sept. 20, 2023 Final Order 13 ("On appeal, Playmakers argued Rock Island has not revoked other businesses which have allowed a minor to be on premises in violation of Section 3-10(h) but such evidence introduced at the [ILCC] on the record appeal cannot be considered by the [ILCC].").  The ILCC determined that, even if it had considered outside evidence suggesting a discrepancy in treatment, Thoms's decision to revoke Playmakers's liquor license was not arbitrary or unreasonable "based on finding of a serious violation of allowing a minor on premises in conjunction with the significant prior license violations."  *Id.* at 13–14.

Second, state and municipal law vests Thoms, as the Local Liquor Control Commissioner, with significant discretion in issuing penalties for municipal code violations.

> There are some forms of state action . . . which by their nature involve discretionary decisionmaking based on a vast array of subjective, individualized assessments.  In such cases the rule that people should be "treated alike, under like circumstances and conditions" is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion granted.  In such situations, allowing a challenge based on the arbitrary singling out of a particular person would undermine the very discretion that such state officials are entrusted to exercise.

*Del Marcelle v. Brown Cnty. Corp.*, 680 F.3d 887, 896 (7th Cir. 2012).  Here, Thoms acted within his discretion as Local Liquor Control Commissioner to revoke Playmakers's liquor license after finding that Playmakers had committed the alleged violations.  *See* 235 ILCS 5/7-5 ("The local liquor control commissioner may revoke or suspend any license issued by him if he determines that the licensee has violated any of the provisions of this Act or of any valid ordinance . . . .").  The evidence shows that Thoms's decision was not arbitrary or unreasonable and that Plaintiff received procedural due process.

13

The Court finds that Thoms is entitled to absolute immunity for all claims against him and accordingly GRANTS summary judgment in his favor.

### 2. David Morrison and Hector Lareau, City Attorneys

Plaintiff alleges that Morrison and Lareau conducted a hearing without Plaintiff having counsel present, committed professional misconduct by yelling at witnesses, harassed Plaintiff and caused her emotional distress by failing to give her a continuance after Plaintiff's father passed away, and attempted to hold a hearing within two days when three days' notice was required. Am. Compl. 7–9. Plaintiff does not clearly identify what legal claims she is asserting against Morrison and Lareau, though that is not required in a complaint. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] complaint need not plead legal theories . . . ."). Morrison and Lareau move for summary judgment on the bases of absolute prosecutorial immunity, issue preclusion, and Plaintiff's failure to exhaust administrative remedies resulting in waiver. Morrison & Lareau Mot. Summ. J. ¶¶ 19–51. The Court finds it necessary to address only prosecutorial immunity.

Prosecutors are entitled to absolute immunity for their "core prosecutorial actions," *Lewis v. Mills*, 677 F.3d 324, 330 (7th Cir. 2012), and this shields them from civil liability against all federal and state law claims, *Hobbs v. Cappelluti*, 899 F. Supp. 2d 738, 769 (N.D. Ill. 2012); *see also Kitchen v. Burge*, 781 F. Supp. 2d 721, 737 (N.D. Ill. 2011) ("[T]he Illinois and federal doctrines of prosecutorial immunity are coterminous . . . ."). Absolute immunity alleviates the "concern that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." *Imbler v. Pachtman*, 424 U.S. 409, 423 (1976).

14

Whether a prosecutor is entitled to immunity is dependent on the specific functions performed—absolute immunity only protects "acts they commit within the scope of their employment as prosecutors." *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014). Prosecutors' actions that relate to the initiation of prosecution or preparation for judicial proceedings are entitled to absolute immunity but actions that are only administrative or investigatory are not. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Importantly, absolute immunity applies with equal force "to a prosecutor's acts in initiating *civil* proceedings as long [as] the prosecutor is functioning in an enforcement role analogous to his role in criminal proceedings." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) (quotation marks omitted).

Morrison and Lareau argue that the actions for which they are being sued fall squarely within the scope of their prosecutorial duties and they are therefore entitled to absolute immunity. Morrison & Lareau Mot. Summ. J. ¶¶ 19–33. The Court agrees.

Morrison and Lareau both attest that their roles in the events leading to the revocation of Playmakers's liquor license comprised initiating and prosecuting the case against Playmakers for violation of Rock Island's Municipal Code and the Illinois Liquor Control Act, 235 ILCS 5/1-1–5/11-2. Specifically, their actions included "sending notice, conferring with adverse counsel, presenting evidence and argument at the hearing, examining and cross-examining witnesses," Lareau Aff. ¶ 7; Morrison Aff. ¶ 7, all of which are quintessentially prosecutorial. For example, Morrison and Lareau signed the Notice of Hearing which laid out the allegations and charges against Playmakers, *see generally* Not. Hr'g—this act is covered by absolute immunity. *See Brunson*, 843 F.3d at 704 (holding that the prosecutor was "absolutely immune for signing the charging document itself and initiating a prosecution"). They conducted hearings and questioned witnesses—which are similarly covered by absolute immunity. *See Buckley*, 509 U.S. at 284

15

(Kennedy, J., concurring) ("Actions in obtaining, reviewing, and evaluating witness testimony are a classic function of the prosecutor as advocate." (quotation marks omitted)); *see also Nance v. City of Elgin*, No. 06 CV 6608, 2007 WL 2274708, at *4 (N.D. Ill. Aug. 3, 2007) (holding that the city attorney was "entitled to absolute immunity for his role in initiating the liquor control commission proceedings against the [plaintiffs' establishment] that resulted in the revocation of the [liquor] license").

Plaintiff argues that Morrison and Lareau should not receive prosecutorial immunity due to asserted "Brady Violation[s]" and that "[i]mmunity cannot be given to attorneys who use misconduct during hearings." *See, e.g.*, Resp. [Morrison & Lareau] Mot. Summ. J. ¶¶ 108–55. "Brady Violation" refers to the rule established by the Supreme Court in *Brady v. Maryland*, 373 U.S. 83, 87 (1963), which provides that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." Both of Plaintiff's arguments opposing absolute prosecutorial immunity are unavailing. First, "*Brady* is a rule of criminal law . . . and it has not been extended outside of the criminal context." *Perez v. Wallis*, 77 F. Supp. 3d 730, 747 (N.D. Ill. 2014); *see also Millspaugh v. Cnty. Dep't of Pub. Welfare*, 937 F.2d 1172, 1175 n.† (7th Cir. 1991) ("There is so far no parallel to *Brady* in civil litigation."). And second, contrary to Plaintiff's assertion, the conduct of prosecutors during hearings *is* covered by absolute immunity even when that conduct is unprofessional. *Cf. Brunson*, 843 F.3d at 710.

The Court finds that Morrison and Lareau are entitled to absolute immunity for all claims against them and accordingly GRANTS summary judgment in their favor.

### 3. Richard Landi, Chief of Police

Plaintiff alleges that she was harassed and treated more harshly than other business owners, receiving suspensions and revocations when other business owners did not receive such penalties. *See, e.g.*, Resp. [Thoms & Landi] Mot. Summ. J. ¶¶ 7–13. On June 22, 2023, Plaintiff filed five complaints with the Police Department—each pertained to events on different dates but all related to her business, Playmakers. *See* Internal Affairs Report, Thoms & Landi Mot. Summ. J. Ex. G, ECF No. 24-7. On July 20, 2023, Landi sent a letter to Plaintiff informing her that her complaints had been investigated by the Office of Professional Standards ("OPS") and classified as exonerated, meaning that "it was determined that the actions taken by the officers were lawful and proper." July 20, 2023 Letter from Landi to Veasey, Thoms & Landi Mot. Summ. J. Ex. H, ECF No. 24-8. Plaintiff indicates that Landi abused his power and violated Plaintiff's due process rights because Landi was named in one of the complaints but was also the decisionmaker who exonerated the complaints. Am. Compl. 11.

Landi moves for summary judgment on the bases of qualified immunity, Plaintiff's failure to allege any harassment or discrimination by Landi, unavailability of *respondeat superior* liability, waiver, and lack of subject-matter jurisdiction. Thoms & Landi Mot. Summ. J. ¶¶ 80–126. The Court finds that summary judgment is appropriate because Plaintiff has provided no evidence that Landi abused his power, discriminated against her, or violated due process.

Contrary to Plaintiff's assertion that "Landi exonerated his own complaint," Am. Compl. 11 (emphasis omitted), the evidence shows that OPS Investigator James Morris reviewed, investigated, and evaluated each complaint. *See* Internal Affairs Report 1.[5] Morris wrote a

---

[5] The Court uses the page numbers generated by CM/ECF because the Internal Affairs Report is not paginated.

17

thorough report summarizing the allegations of each complaint, as well as his conclusions after reviewing the evidence. *See generally id.* The Report shows that it was Morris—not Landi—who exonerated Plaintiff's complaints. *Id.* at 4 ("Based on my investigation, there is clear evidence, for each complaint, that all of the listed complaints are inaccurate or not factual. There is no further recommendation.").

Plaintiff has presented no evidence that shows a genuine issue of material fact as to Landi's liability. Accordingly, the Court GRANTS summary judgment in Landi's favor.

## CONCLUSION

For the foregoing reasons, Defendants David Morrison and Hector Lareau's Motion for Summary Judgment, ECF No. 17, is GRANTED; Supplement to Morrison and Lareau's Motion for Summary Judgment, ECF No. 21, construed as a motion to amend their Motion for Summary Judgment, is GRANTED; Supplemental Affidavit of Morrison, ECF No. 22, construed as a motion to amend Morrison's Affidavit, ECF No. 19, is GRANTED; Supplemental Affidavit of Lareau, ECF No. 23, construed as a motion to amend Lareau's Affidavit, ECF No. 18, is GRANTED; Defendants Mike Thoms and Richard Landi's Motion for Summary Judgment, ECF No. 24, is GRANTED; and Plaintiff Michelle L. Veasey's Motion to Request for Leave of Court for Sur-Reply, ECF No. 31, is DENIED. The Clerk is directed to enter judgment and close the case.

Entered this 28th day of March, 2025.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE